WESTERN DISTRICT ARKANSAS
**FILED**

JAN 16 2015

CHRIS R. JOHNSON, CLERK

By _____ DEPUTY CLERK

General Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE ~~EASTERN~~ DISTRICT OF ~~TEXAS~~ *Arkansas*
*WESTERN*

*Joy Veronica Hayes*

_____        Case Number : _*15-4010*_

List the full name of each plaintiff in this action.

VS.

*Theresa Smith*
*State Farm Mutual Auto Insurance*

_____

List the full name of each defendant in this action.
Do not use "et al".

Attach additional pages if necessary.

I.   ATTEMPT TO SECURE COUNSEL:

Please answer the following concerning your attempt to secure counsel.

A.   In the preparation of this suit, I have attempted to secure the aid of an
attorney as follows: (circle one)

1.   (Employ Counsel)
2.   Court - Appointed Counsel
3.   Lawyer Referral Service of the State Bar of Texas,
P. O. Box 12487, Austin, Texas 78711.

B.   List the name(s) and address(es) of the attorney(s):

*Arnold Law Firm 210 N. Stateline*
*Suite 500 Texarkana Arkansas 71854*
*Chaney Law Firm 526 main street*
*Suite 204 Arkadelphia Arkansas*
*71923*

C.   Results of the conference with counsel:

_____

_____

_____

II.   List previous lawsuits:

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action or any other incidents?   ✓ Yes _____ No

B.   If your answer to "A" is "yes",  describe the lawsuit in the space below.
     If there is more than one lawsuit, attach a separate piece of paper describing each.

1.   Approximate file date of lawsuit: *June 14, 2011 by The Chaney Law Firm*

2.   Parties to previous lawsuit(s):

     Plaintiff: *Joy Veronica Hayes*

     Defendant: *Theresa Smith/State Farm Insurance*

Attach a separate piece of paper for additional plaintiffs or defendants.

3.   Identify the court the lawsuit was filed. If federal, name the district.  If state, name the county.

     *The 5th District Court of Burns*

4.   Docket number in other court. *11CO985-000*

5.   Name of judge to whom the case was assigned.
     *Ralph K. Burgess*

6.   Disposition: Was the case dismissed, appealed or still pending?

     *Dismissed, Defendant offered to settle out of court and Plaintiff accepted offer. Defendant never complied*

7.   Approximate date of disposition. *with settlement agreement*
     *May 17, 2013*

III.   Parties to this suit:

    A.   List the full name and address of each plaintiff:

        Pla #1 _Joy Veronica Hayes_

        _36 Oakwood Drive Nash, TX 75569_

        Pla #2 _____

    B.   List the full name of each defendant, their official position, place of employment and full mailing address.

        Dft #1: _Theresa Smith_

        _230 Private Road 1044 Oakbridge_

        _Arkansas 71834_

        Dft #2: _State Farm Mutual Auto_

        _Insurance 1 State Farm_

        _Plaza Bloomington Illinois_

        _61710_

        Dft #3 _____

    Attach a separate sheet for additional parties.

IV:     Statement of Claim:

State as briefly as possible the fact of your case.  Describe how each defendant is
involved.  Include the names of other persons involved with dates and places.  Do not
give any legal arguments or cite cases or statutes.  If you intend to allege a number of
related claims, number and set forth each claim in a separate paragraph.  Use as much
space as you need, attaching additional pages if necessary.

*Complaint Drafted on Separate Paper.*

V.    Relief: State Briefly exactly what you want the court to do for you.  Make no legal
      arguments and do not cite cases or statutes.  Attach additional pages if necessary.

To review the complaint diligently
and all documentations supporting
the Plaintiff Claim. I am asking
with All Do RESPECT that the
court enforce the out of court
settlement agreement that Plaintiff
accepted by State Farm Claim office
Under the defendant Melissa Smith
Arkansas Policy.

Signed this _____16_____ day of ___January___, 20 _15_ .
                                        (Month)              (Year)


_____


_____


I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.


Executed on: _January 16, 2015_
                    Date


_____
              Signature of each plaintiff

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF Arkansas.

Plaintiff(s)
Joy Veronica Hayes

V.

Defendant(s)
Theresa Smith
State Farm Mutual Auto Insurance
Company Incorporation

1) Plaintiff(s)
Joy Veronica Hayes
36 Oakwood Drive
Mabank Texas 75569

2) Defendant(s)
Theresa Smith
230 Private Road
10441 Doddridge Arkansas 71834
State Farm Insurance
1 State Farm Plaza
Bloomington Illinois 61710

3) Jurisdiction - Diversity

4) Venue - Plaintiff Citizen of another
State.
Defendant(s) Citizen of this State.
Defendant(s) Incorporated and
Principal place of Business in
another State.

1 OF 7

On June 18, 2009 I, Plaintiff, Joy Veronica Hayes was Involved In an auto vehicle accident In Texarkana, Texas with defendant Theresa Smith. After the accident I, Plaintiff, substain Injuries that resulted Into medical attention, and filed a claim with the defendant Insurance Company State Farm. Once the claim was Investigated, the defendant Insurance company found Ms. Smith liable for the accident. (Exhibit One.) On July 10, 2012 I, plaintiff, Joy Veronica Hayes sigred a client decision on Settlement Offer authorizing the Chaney Law Firm to accept a settlement offer from defendant Theresa Smith. On October 5, 2012 (Exhibit Two) show that I, plaintiff, addressed a letter to State Farm to settle the Texas Claim with plaintiff under the defendant Arkansas Policy. On January 18, 2013 I, Plaintiff, addressed a letter to State Farm (Exhibit Three) Agreeing to the Settlement Offer made on State Farm behalf. Once again State Farm did not settle out with the Plaintiff, and (exhibit Four) clearly shows the defendant Responses to plaintiff's First Request for Admissions stating that Plaintiff's Complaint has stated facts upon which Relief can be granted In Request Five

the defendant admitted. On April 9, 2013 State Farm addressed a letter (Exhibit five) to plaintiff of their settlement offer which clearly states that State Farm consider the plaintiff emergency room treatment only. On April 19, 2013 I, plaintiff, Requested State Farm to Re-evaluate the bodily Injury claim (exhibit six) and to Include Ark-La-Tex Health Center In the Settlement evaluation for medical services Rendered due to an automobile. On April 30, 2013 State Farm decline to Include Ark-La-Tex In the medical evaluation but Insist that I, the plaintiff, pay Ark-La-Tex from the plaintiff past pain and Suffering claim which (exhibit Seven) supports plaintiff Statement. On May 2, 2013 (Exhibit eight) State Farm Section Manager Charlie Owens section manager addressed a letter to the Texas Department of Insurance which IS a State agency stating that I, plaintiff, Joy/Leanna Hayes never accepted State Farm settlement offer which IS untrue. Exhibit two; and exhibit three clearly shows that I, plaintiff, accepted State Farm offer, and State Farm had a Reasonable amount of time to Settle this claim with plaintiff. Mr. Owens clearly defrauded the Texas Department of Insurance with his

30F7

State agents was called did not believe Plaintiff was
defrauded the state, but the defendant
gamed the system. On June 7, 2013 (Exhibit nine)
I, Plaintiff, addressed a letter to State
Farm requesting State Farm to validate in
writing that State Farm have a legal right
to deduct Past Pain, and suffering from
a claimant personal Injury claim for Past
medical expenses which State Farm refused.
On June 17, 203 State Farm addressed a letter
(Exhibit ten) to plaintiff confirming that
State Farm received plaintiff letter
(Exhibit nine) Stating that State Farm would
like to Restate their final offer which
Plaintiff never declined. On July 10, 2013
State Farm Closed the Plaintiff bodily
Injury claim stating the Statue of
Limitation expired. Plaintiff was Informed
of the closing of the claim via phone, and
Plaintiff was told by Pat Miller to stop
Calling State Farm. On August 28, 2013
Plaintiff was Informed by State Farm
Corporate Office that a Red Flag was posted
On the claim meaning State Farm Could no
longer talk to the Plaintiff, and to contact
Mr. Harrelson. Plaintiff was Informed by
Mr. Harrelson that he do not have anything
to do with this claim. In October of 2014
I, Plaintiff, contacted Corporate office
and Plaintiff spoke with Ms. Abrenese Lee

Plaintiff requested that State Farm legal department review the claim again along with the supporting documentations that Plaintiff will furnish. Ms. Lee informed me, the plaintiff that she will have the correct person to contact me. Ms. Rhonda Stallworth-Maxey contacted me, and Requested that plaintiff submit the documentations to her office located in Dallas, Texas. Ms. Stallworth-Maxey confirmed to plaintiff via phone that her office forward the documentations to section manager Juan Enriquez. Mr. Enriquez contacted the Plaintiff and confirmed via phone that he have received the documentations, and he will be Reviewing them, and will contact the Plaintiff in the Near Future with an answer. On December 11, 2014 Juan Enriquez contacted Plaintiff, and stated via phone that the statue of limitation has ran on the claim, and No payment will be made out (exhibit twelve) voice recording of Juan Enriquez message. I, Plaintiff, would note that I made it very clear to Juan Enriquez that it is not about the accident, but about the agreement. On January 18, 2013 (exhibit three) I, Plaintiff accepted the defendant offer, and State Farm never honored their offer to plaintiff. On May 2, 2013 and August 23, 2013 (exhibit eight and exhibit eleven) Mr. Owens stated that an offer

50F7

was given to the Plaintiff on September 12, 2012 which is untrue. On October 0, 2012 Plaintiff addressed a letter to State Farm giving State Farm authorization to settle Texas Claim with plaintiff (exhibit two) States Farm stated to me that they would not be able to talk/communicate with me the Plaintiff until they receive a drop letter from the attorney which (exhibit thirteen) clearly shows that Plaintiff Counsel withdrew as counsel of Record, and therefore, no offer was made to Plaintiff on September 12, 2012. At this current time, State Farm has breach a duty involving an agreement on January 18, 2013 for settlement with the Plaintiff. On the other hand, State Farm never specified a deadline involving the offer to Plaintiff, and did not give plaintiff written notice of withdrawal of their settlement offer. State Farm closed the claim without any written notification to Plaintiff which resulted into State Farm exercising bad faith, and defrauding the plaintiff under false pretense of settling the claim that clearly shows (exhibit four) that the defendant, Ms. Smith is liable for the accident. As a direct Consequence of State Farm acts, practices, and conduct. I, Plaintiff, Joy Veronica Hayes

6 OF 7

Suffered, and continues to suffer emotional distress, anxiety, anger, and frustration. I, plaintiff, Joy Veronica Hayes strongly believe that State Farm practices was Outrageous In character and extreme In degree, and utterly Intolerable by exercising bad Faith, defrauding, and gaming the system. State Farm oppressed, and abused plaintiff with their unethical business practices, and behavior For not honoring the settlement Agreement, a breach of duty, and defrauding the Plaintiff. Due to State Farm unethical business Practices. I, Plaintiff, Joy Veronica Hayes am seeking punitive damages to deter State Farm From engaging In an unethical manner In the future, and actual damages FOR Intentional Infliction of emotional distress In the amount of Seventy-Five thousand dollars. Since State Farm can not honor their Agreement In good Faith then I, Plaintiff, Joy Veronica Hayes demand A Jury Trial.

Respectfully Submitted

Joy Veronica Hayes

January 16, 2015

7 of 7

*Exhibit One*

**Letter to Ms. Joy Hayes**
**June 1, 2012**
**Page 3 of 3**

### CLIENT DECISION ON SETTLEMENT OFFER

Please check one of the two options, sign and date below, and promptly return a copy of this page to me in the enclosed envelope.

_____✓_____ I authorize the CHANEY LAW FIRM, P.A., my attorneys, to accept a settlement offer of $4,000.00 or more from Defendant Theresa Smith.

_____ I do not authorize the CHANEY LAW FIRM, P.A., my attorneys, to accept a settlement offer of $4,000.00 or more from Defendant Theresa Smith.

_Joy Veronica Hayes_   _7-10-12_
Ms. Joy Hayes                    Date
36 Oakwood Drive
Nash, Texas 75569

341

I, Jay Veronica Hayes am giving State Farm Insurance Company authorization to settle the Texas Claim involving Theresa Smith with me the Claimant. Since the Chaney Law Firm have been release by the Claimant of further responsibility for representing me in this Claim. At this current time, I am not giving State Farm consent to endorse Nathan Chaney Law Firm on any settlement check for deposit into his law Firm account.

Respectfully Submitted
Jay Veronica Hayes
October 5, 2012


Exhibit two

To whom It may Concern:

I am writing In reference to Claim. number 04-1721-341. I, Joy Veronica Hayes agree to settling the Claim against Thelesa Smith and agree to the 2,500.00 Settlement offer made on behalf of State Farm Mutual Automobile Insurance Company. I am consenting to State Farm to endorse any settlement checks In the name of Joy Veronica Hayes solely. I have furnished supporting documents for this endorsement.

Respectfully Submitted,
Joy Veronica Hayes
January 18, 2013

Exhibit Three

*Exhibit Four*

**REQUEST 3:**    That venue is proper in this Court for this action.

**RESPONSE: Admit**


**REQUEST 4:**    That process and service of process upon Defendant is sufficient for this action.

**RESPONSE: Admit**

**REQUEST 5:**    That Plaintiff's Complaint has stated facts upon which relief can be granted.

**RESPONSE: Admit**

**REQUEST 6:**    That there are no other parties who are required to be joined as a party to this action.

**RESPONSE: Admit**


**REQUEST 7:**    That the Defendant was totally at fault in causing the motor vehicle collision between the parties as described in the Complaint filed herein that occurred on June 18, 2009, which is the subject of this action (hereinafter referred to as "collision").

**RESPONSE: Deny**


**REQUEST 8:**    That failing to drive at a speed reasonable under the circumstances needlessly endangers the public.

**RESPONSE: Admit**


**REQUEST 9:**    That a failure to keep a vehicle under proper control needlessly endangers the public.

**RESPONSE: Admit**

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR ADMISSIONS**                                      **PAGE 2**

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**™

April 09, 2013

Joy Hayes
36 Oakwood Drive
Nash TX 75569

**Texas Auto Claims**
PO Box 661041
Dallas TX 75266-1041

RE:  Claim Number:  04-1721-341
       Date of Loss:  June 18, 2009
       Our Insured:  Jerry L Smith

Dear Ms. Hayes:

Per your request I am sending you a breakdown of our settlement offer of $2,500.00 made on September 13, 2012 to your previous attorney, Nathan Chaney.  This offer was then extended to you after you began handling your case pro se.

Based on the nature of this motor vehicle accident, our offer considers your emergency room treatment at Christus St. Michael for $876.95 and pain and suffering of $1,623.05.  No lost wages were received or considered.

As previously discussed, we will issue a separate draft to Christus St. Michael for the amount you have negotiated.  The balance will be issued to you and Ark-La-Tex.  However, it is my understanding you have been working with Ark-La-Tex to negotiate a reduced balance.  Please let me know if you are able to do so and we will be happy to issue them a separate draft as well with the balance going to you.

Please call Steve Harrelson or myself with any questions.  We look forward to working with you to resolve your bodily injury claim.

Keeney/Harrelson LawFirm: Exhibit
5170

I, Joy Veronica Hayes, am requesting
State Farm Insurance Company to re-
evaluate the bodily Injury claims and to in-
clude all La Ten Health Centers In the
Settlement evaluation for medical services
render due to on automobile accident.
I Joy Veronica Hayes was diagnosed
with a cervical spine sprain from Chronic
St. Michael Hospital, and all La Ten Health
Centers. I received proper treatment, and
therapy for the Injuries sustain In the
auto accident from All-La-Ten Health
Centers, and each bill I have Is related
to the June 18, 2009 auto accident. I have
enclosed All La Ten bill and Its final
Narrative report. I Look forward to a
response within the next five business
days

Respectfully Submitted,
Joy V. Hayes
April 19, 2013

*Exhibit Seven*

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**™

April 30, 2013

Joy V Hayes
36 Oakwood Drive
Nash TX 75569

**Texas Auto Claims**
PO Box 661041
Dallas TX 75266-1041

RE:   Claim Number:   04-1721-341
      Date of Loss:   June 18, 2009
      Our Insured:   Jerry L Smith

Dear Joy V Hayes:

Thank you for your letter dated April 18, 2013. As previously stated, based on the minor nature of this parking lot accident, your bodily injury claim was evaluated based on the emergency room treatment of June 19, 2009 only. Your evaluation is as follows:

Past medical $876.95
Past Pain & Suffering $1,623.05
Past Mental Anguish $00.00
Past Impairment $00.00
Past lost wages $00.00
Total $2,500.00

Of this offer, $1,210.75 will be issued directly to you, $789.25 to Christus St. Michael and $500.00 to Ark-La-Tex based on the agreements you have worked out directly with these two providers.

Please feel free to contact Steve Harrelson at (870) 772-0300 with any additional questions you may have.

**StateFarm**™

May 2, 2013

Lonestar Division
8420 Hardy Toll Road, Suite 200
Spring, TX 77373

Charlie Owens, CPCU®
Section Manager
Auto Claims Texas Zone
(281) 528-2660

Attn:  Stacie R. Parker
Texas Department of Insurance
Complaints Resolution, Mail Code 111-1A
P.O. Box 149104
Austin, TX  78714-9104


Re:    Problem Rpt ID:    12420
       Complainant:       Joy Veronica Hayes
       Claim #:           04-1721-341
       Company:           State Farm Mutual Automobile Insurance Company
       SF ECT:            77404

Dear Ms. Parker:

This is a follow-up to our correspondence dated November 30, 2012.

The $2,500 offer to settle we made to Ms. Hayes on September 13, 2012, has not been accepted to date.  The lawsuit she filed against Theresa Smith pends in the District Court of Bowie County, Texas.  We will continue to re-evaluate her claim as additional information is received.  We intend to continue to defend Ms. Smith through trial, if necessary.

Should you require any additional information, please contact Team Manager Pat Miller at (281) 283-0370.

Sincerely,

*Charlie Owens (chs)*

Charlie Owens, CPCU
Section Manager
Auto Claims Texas Zone
State Farm Mutual Automobile Insurance Company

CO/chs

By fax – 512-475-1771 (1 page)

c:     Joy Hayes
       36 Oakwood Drive
       Nash, TX  75569

To whom it may concern: # CIV-1104 SOH

Exhibit Nine

I am requesting State Farm Insurance company to validate in writing that State Farm have a legal right to deduct past pain and suffering from a claimant residual injury claim for past medical expenses. I look forward to a response within the next five business days after delivery of this letter.

Respectfully Submitted,

by Veronica Haygee

June 7, 2013

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**

June 17, 2013

*Claim closed  7-10-2013*
*July 10, 2013*

Joy V Hayes
36 Oakwood Drive
Nash TX 75569

**Texas Auto Claims**
PO Box 661041
Dallas TX 75266-1041

RE:    Claim Number:    04-1721-341
        Date of Loss:      June 18, 2009
        Our Insured:      Jerry L Smith

Dear Ms. Hayes:

Thank you for your letters dated June 7, 2013. We would like to restate our final offer of $2,500.00 for this minor parking lot accident. The evaluation is as follows:

Past Medical $876.95
Past Pain & Suffering $1,623.05
Past Mental Anguish $00.00
Past Impairment $00.00
Past Lost Wages $00.00
Total $2,500.00

There are no lost wages being offered based on your discovery responses and your deposition answers.

Based on the agreements you have worked directly with the medical Stproviders, we will issue $789.25 to Christus St. Michael & $500.00 to Ark-La-Tex. The balance of $1,210.75 will be issued directly to you.

Please call Steve Harrelson at (870) 772-0300 with any additional questions.



August 23, 2013

**Charlie Owens, CPCU®**
Section Manager
Auto Claims Texas Zone
(281) 528-2660

Attn: Stacie R. Parker
Texas Department of Insurance
Complaints Resolution, Mail Code 111-1A
P.O. Box 149104
Austin, TX  78714-9104

Re:  Problem Rpt ID:12420
     Complainant:  Joy Veronica Hayes
     Claim #:      04-1721-341
     Company:      State Farm Mutual Automobile Insurance Company
     SF ECT:       77404

Dear Ms. Parker,

Thank you for your letter of August 14, 2013, and the opportunity to respond to the concerns of Joy Hayes.

Please refer to our prior letters for a history of the negotiations with Ms. Hayes and her attorney. We maintained the $2,500 offer to Ms. Hayes that was originally made on September 13, 2012. Ms. Hayes never accepted the offer and questioned our intent to include medical providers that held liens in the settlement. Ms. Hayes' lawsuit filed against Theresa Smith in the District Court of Bowie County, Texas was dismissed for want of prosecution on May 28, 2013.

As Ms. Hayes had thirty days from the date of dismissal to request a reinstatement, we responded to her June 7, 2013, with a reiteration of the $2,500 offer and provided an explanation of our evaluation. Ms. Hayes did not accept the offer. The thirty days to request reinstatement passed and the statute of limitations expired in June 2011. We have closed our file. This will be our final letter providing status of this claim.

Texas Department of Insurance
Problem Rpt ID: 12420
August 23, 2013
Page 2 of 2

Should you require any additional information, please contact Team Manager Patrick Miller at (281) 283-0370.

Sincerely,

Charlie Owens (chs)

Charlie Owens, CPCU
Section Manager
Auto Claims Texas Zone
State Farm Mutual Automobile Insurance Company

CO/chs

By fax – 512-475-1771 (2 pages)

c:    Joy Hayes
      36 Oakwood Drive
      Nash, TX   75569

*Exhibit Thirteen*

NO. 11C0985-005

| | | |
|---|---|---|
| JOY HAYES | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | 5TH JUDICIAL DISTRICT |
| | § | |
| THERESA SMITH | § | |
| DEFENDANT. | § | OF BOWIE COUNTY, TEXAS |

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD

Pending before the Court is Attorney Nathan P. Chaney's *Motion to Withdraw as Counsel of Record*. The Plaintiff's termination of Attorney Chaney's services constitutes good cause as contemplated by Tex. R. Civ. P. 10. The Court finds that Attorney Chaney has complied with the requirements of Tex. R. Civ. P. 10 and should be permitted to withdraw.

IT IS THEREFORE ORDERED that Attorney Nathan P. Chaney is hereby relieved as counsel of record for the Plaintiff in this case. Attorney Chaney shall forward a copy of this order to the Plaintiff by certified mail, return receipt requested, and first class mail.

IT IS SO ORDERED THIS *1st* day of ___*Nov.*___, 201*2*.

_____
HONORABLE RALPH K. BURGESS
BOWIE COUNTY DISTRICT COURT JUDGE

Prepared by:

Nathan P. Chaney, Tex. BIN 24072481
CHANEY LAW FIRM, P.A.
P.O. Box 1405
526 Main Street, Suite 204
Arkadelphia, AR 71923
Telephone:   (870) 246-0600
Facsimile:    (866) 734-0971
Website:     www.chaneylaw.com