IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOY VERONICA HAYES                                                                                          PLAINTIFF

v.                                           Case No. 4:15-cv-04010

THERESA SMITH and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Separate Defendant Theresa Smith's Motion to Dismiss. ECF No. 7. Defendant Smith filed this Motion on February 24, 2015. *Id.* On March 13, 2015, Plaintiff responded to this Motion. ECF No. 12. This Motion is now ripe for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Defendant Smith's Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (ECF No. 7) be **GRANTED.**

**1.     Background:**

On January 16, 2015, Plaintiff filed her *pro se* Complaint in this action. ECF No. 1. Plaintiff is suing to enforce a purported settlement agreement between herself and Defendant State Farm. *Id.* According to her Complaint, on June 18, 2009, Plaintiff was involved in an automobile accident with Defendant Smith. *Id.* at 17. Plaintiff claims the accident was Defendant Smith's fault. *Id.* As Defendant Smith's insurance company, Defendant State Farm then entered into settlement negotiations with Plaintiff to resolve her claim against Defendant Smith. *Id.* at 23. On September

13, 2012, Defendant State Farm offered Plaintiff $2,500.00 to settle her claim from this accident. *Id.* According to Defendant State Farm, Plaintiff never accepted this offer. *Id.* Plaintiff, however, claims she did accept that offer. *Id.* at 8.

Plaintiff argues Defendants engaged in unethical conduct in settling her claim against Defendant Smith and did not comply with its obligations under the settlement agreement. *Id.* As for damages, in her Complaint, Plaintiff seeks "punitive damages to deter State Farm from engaging in an unethical manner in the future, and actual damages for intentional infliction of emotional distress in the amount of seventy-five thousand dollars." *Id.* at 12.

Defendant Smith filed the current Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction on February 24, 2015. ECF No. 7. In this Motion, Defendant Smith argues Plaintiff's claims against her must be dismissed because this Court does not have subject matter jurisdiction over Plaintiff's case. *Id.* Specifically, Defendant Smith argues the amount in controversy requirement has not been met. *Id.* Plaintiff has responded to this Motion and argues this case should not be dismissed. ECF No. 12. The Court finds this Motion is now ripe for consideration.

**2.     Applicable Law:**

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer,* 715 F.3d 712, 712 (8th Cir. 2013) (recognizing "federal courts are courts of limited jurisdiction"). Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to challenge a federal court's subject matter jurisdiction.

If a federal court does not have subject matter jurisdiction over a given case, that case must be dismissed. *See Williams v. County of Dakota, Neb.,* 687 F.3d 1064, 1067 (8th Cir. 2012). The

party claiming federal subject matter jurisdiction exists has the burden of demonstrating that fact. *See Schieffer,* 715 F.3d at 712 (quotation marks and citation omitted).

Pursuant to 28 U.S.C. § 1331 and § 1332, federal courts only have original subject matter jurisdiction over two types of cases: (1) federal question cases; and (2) diversity of citizenship cases. The present action is a diversity of citizenship case. Because it is a diversity of citizenship case, the "matter in controversy" must exceed "the sum or value of $75,000." 28 U.S.C. § 1332(a) (2011).

3. **Discussion:**

In the present action, as noted above, Plaintiff has the burden of demonstrating the Court has subject matter jurisdiction over her case. Here, the only amount in controversy Plaintiff has established is the $2,500 for the proposed settlement. Although Plaintiff alleges in her Complaint that she is entitled to more than seventy-five thousand dollars for intentional infliction of emotional distress, Plaintiff has not alleged any fact–either in her Complaint or in her response to this Motion–demonstrating she is entitled to that amount or could possibly recover that amount.

Plaintiff has the burden of establishing by a preponderance of the evidence that the matter in controversy meets or exceeds seventy-five thousand dollars. *See Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC,* 620 F.3d 926, 931 (8th Cir. 2010) (quotation marks and citation omitted). Here, she has failed to even allege facts, much less demonstrate them, that she is entitled to at least seventy-five thousand dollars in damages. Accordingly, Plaintiff has not met her burden to establish this Court has jursidiction.

4. **Conclusion:**

Based upon the foregoing, the Court recommends Separate Defendant Theresa Smith's Motion to Dismiss (ECF No. 7) be **GRANTED**, and Plaintiff's case against Defendant Smith be

**DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 6th day of May 2015.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE