IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOY VERONICA HAYES                                                                                       PLAINTIFF

v.                                              Case No. 4:15-cv-04010

THERESA SMITH and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Separate Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment. ECF No. 15. Defendant State Farm filed this Motion on May 5, 2015. *Id.* Plaintiff has not responded to this Motion, and her time to respond has expired. *See* Local Rule 7.2(b). This Motion is now ripe for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiff's case against Defendant State Farm be dismissed without prejudice for lack of subject matter jurisdiction, and Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (ECF No. 15) be **DENIED AS MOOT.**

**1.     Background:**

On January 16, 2015, Plaintiff filed her *pro se* Complaint in this action. ECF No. 1. Plaintiff is suing to enforce a purported settlement agreement between herself and Defendant State Farm. *Id.* According to her Complaint, on June 18, 2009, Plaintiff was involved in an automobile accident with

Defendant Smith. *Id.* at 17. Plaintiff claims the accident was Defendant Smith's fault. *Id.* As Defendant Smith's insurance company, Defendant State Farm then entered into settlement negotiations with Plaintiff to resolve her claim against Defendant Smith. *Id.* at 23. On September 13, 2012, Defendant State Farm offered Plaintiff $2,500.00 to settle her claim from this accident. *Id.* According to Defendant State Farm, Plaintiff never accepted this offer. *Id.* Plaintiff, however, claims she did accept that offer. *Id.* at 8.

Plaintiff argues Defendants engaged in unethical conduct in settling her claim against Defendant Smith and did not comply with its obligations under the settlement agreement. *Id.* As for damages, in her Complaint, Plaintiff seeks "punitive damages to deter State Farm from engaging in an unethical manner in the future, and actual damages for intentional infliction of emotional distress in the amount of seventy-five thousand dollars." *Id.* at 12.

Defendant State Farm filed the current Motion for Summary Judgment alleging it is entitled to summary judgment as a matter of law because there are no genuine issues of material fact as to any of Plaintiff's claims. ECF No. 15. As noted above, Plaintiff has not responded to Defendant State Farm's Motion, and the time to respond has expired. *See* Local Rule 7.2(b). Further, relevant to this case, this Court has previously recommended dismissal of all claims against the other Defendant, Defendant Theresa Smith, because the Court lacks subject matter jurisdiction over this case. *See* ECF No. 19. The Court finds this Motion is now ripe for consideration.

**2.     Applicable Law:**

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer,* 715 F.3d 712, 712 (8th Cir. 2013) (recognizing "federal courts are courts of limited jurisdiction"). Rule 12(b)(1) of the Federal Rules

of Civil Procedure authorizes a party to challenge a federal court's subject matter jurisdiction. Further, even if a Rule 12(b)(1) challenge is not properly raised, a federal court may raise this issue *sua sponte*. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation,* 495 F.3d 1017, 1020 (8th Cir. 2007) (recognizing "[t]his court may raise the issue of subject matter jurisdiction sua sponte") (citation omitted).

If a federal court does not have subject matter jurisdiction over a given case, that case must be dismissed. *See Williams v. County of Dakota, Neb.,* 687 F.3d 1064, 1067 (8th Cir. 2012). The party claiming federal subject matter jurisdiction exists has the burden of demonstrating that fact. *See Schieffer,* 715 F.3d at 712 (quotation marks and citation omitted).

Pursuant to 28 U.S.C. § 1331 and § 1332, federal courts only have original subject matter jurisdiction over two types of cases: (1) federal question cases; and (2) diversity of citizenship cases. The present action is a diversity of citizenship case. Because it is a diversity of citizenship case, the "matter in controversy" must exceed "the sum or value of $75,000." 28 U.S.C. § 1332(a) (2011).

**3.    Discussion:**

In the present action, as the Court noted in the previous report and recommendation, Plaintiff has not met her burden of demonstrating the Court has subject matter jurisdiction over her case. *See* ECF No. 19. Thus, the Court also recommends all claims against Defendant State Farm be dismissed.

**4.    Conclusion:**

Based upon the foregoing, the Court recommends all claims against Defendant State Farm be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for lack of subject matter jurisdiction.

Because the Court does not have subject matter jurisdiction over Plaintiff's case, the Court will not address the merits of the other pending motions in this case and recommends these pending motions be **DENIED AS MOOT**.  These pending motions include Defendant State Farm's Motion for Summary Judgment (ECF No. 15), Plaintiff's Motion for Enforcement of Defendant Settle Offer/Agreement (ECF No. 20), and Plaintiff's Motion for Removal to Lower Court (ECF No. 24).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 4ᵗʰ day of June 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE